# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAM TRUCKING, INC., | ) | Case No. 25-50061 |
| | ) | |
| Debtor, | ) | Chapter 11 |
| | ) | |
| | ) | |
| MIDCOUNTRY EQUIPMENT FINANCE, | ) | |
| a division of MIDCOUNTRY BANK, | ) | |
| | ) | |
| Movant. | ) | |

## CONSENT MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE AND REQUEST FOR WAIVER OF 14-DAY STAY UNDER BANKRUPTCY RULE 4001(a)(4)

Movant, MidCountry Equipment Finance, a division of MidCountry Bank ("Movant"), by and through its attorneys Obermayer Rebmann Maxwell and Hippel LLP, hereby brings this Consent Motion for Relief from the Automatic Stay Pursuant to Section 362(d) of the United States Bankruptcy Code (the "Bankruptcy Code") and Request for Waiver of 14-Day Stay Under Federal Rule of Bankruptcy Rule (the "Bankruptcy Rules") 4001(a)(4) (the "Motion"), and in support thereof states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and/or 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Movant brings this action pursuant to 11 U.S.C. § 362, and Bankruptcy Rules 4001(a), 9013, and 9014.

## FACTUAL BACKGROUND

4.     Jam Trucking, Inc. (the "Debtor") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 1, 2025, thereby commencing the above-captioned case (the "Case").

5.     Pursuant to 11 U.S.C. §§ 1107 and 1108, the Debtor continues to operate its business and manage its assets as a debtor-in-possession.

6.     On or about November 20, 2022, the Debtor entered into that certain Equipment Finance Agreement (the "Agreement") with Movant for the financing of a 2020 Peterbilt Model 389, VIN 2XPXD40X9LM663239 (the "Vehicle").

7.     A true and correct copy of the Agreement is attached hereto as **Exhibit A.**

8.     Pursuant to the Agreement, the Debtor granted Movant a purchase money security interest in the Vehicle, including all accessions, additions, replacements, and proceeds thereof.

9.     The Debtor was in default under the Agreement prior to the petition date of the Case.

10.    Prior to the commencement of the Case, and pursuant to the mutual termination of the Agreement, the Debtor voluntarily surrendered possession and ownership of the Vehicle to Movant.

11.    A Certificate of Title for the Vehicle was issued on June 3, 2025, listing Movant as the registered owner, with no liens or encumbrances from any third parties.

12.    A true and correct copy of the Certificate of Title is attached hereto as **Exhibit B**.

13.    Movant holds title to the Vehicle.

14. As of September 15, 2025, the outstanding balance owed by the Debtor to Movant is $141,175.43. Other amounts may continue to accrue, including but not limited to interest, fees, and costs as allowed by law.

15. A true and correct itemization of the outstanding balance owed, as of September 15, 2025, is attached hereto as **Exhibit C**.

16. Upon information and belief, the reasonable value of the Vehicle is insufficient to satisfy the outstanding balance owed by the Debtor to Movant, and as a result, the Debtor's bankruptcy estate has no equity in the Vehicle.

17. The Debtor no longer retains any legal or equitable interest in the Vehicle.

## BASIS FOR THE RELIEF

18. The automatic stay affords a debtor a breathing spell from its creditors; however, this breathing spell is not without limits. Section 362(d) of the Bankruptcy Code sets forth several independent and alternative means for obtaining relief from the automatic stay, any one of which is grounds for relief from the automatic stay. *See Sun Valley Ranches, Inc. v. The Equitable Life Assurance Soc'y of the U.S. (In re Sun Valley Ranches, Inc.)*, 823 F.2d 1373, 1376 (9th Cir. 1987) (explaining that stay relief may be granted if any one provision of Section 362(d) applies); *Nazareth Nat'l Bank v. Trina-Dee, Inc.*, 731 F.2d 170, 171 (3d Cir. 1984) (holding with respect to Section 362(d), "[s]ubsections (1) and (2) are plainly disjunctive").

19. Pursuant to 11 U.S.C. § 362(d)(1) and (2), on request of a party in interest and after notice and hearing, the Court shall grant relief from the automatic stay for cause, including lack of adequate protection of an interest in property of a party in interest, and/or if the debtor does not have equity in such property and the property is not necessary for an effective reorganization. 11 U.S.C. § 362(d)(1), (2).

3

20. Under the proper circumstances, sufficient cause can be found based on a single factor. *In re Rexene Products*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

21. Sufficient cause exists for the Court to grant Movant relief from the automatic stay under 11 U.S.C. § 362(d) because the Agreement was mutually terminated prior to the commencement of the Case, the Debtor elected to surrender the Vehicle, Movant's interest in the Vehicle is not adequately protected, the Debtor does not have a legal or equitable interest in the Vehicle, and the Vehicle is not necessary for an effective reorganization. 11 U.S.C. § 362(d).

22. If Movant is not permitted to exercise its contractual rights to liquidate or sell its interest in the Vehicle, Movant will suffer irreparable injury, loss, and damage.

23. Accordingly, Movant seeks relief from the automatic stay pursuant to § 362(d)(1) and (2) of the Bankruptcy Code to exercise its rights and remedies in and to the Vehicle, which it lawfully owns and possesses pursuant to the mutual termination of the Agreement.

24. The Debtor has consented to the relief requested herein.

25. Movant further requests that any order granting relief from the automatic stay expressly waive the fourteen (14) day stay of order that is otherwise provided for by Bankruptcy Rule 4001(a)(4), given that the Debtor has no opposition to the relief requested herein.

26. No prior application for the relief requested herein has been made.

**WHEREFORE**, Movant respectfully requests that the Court enter an order:

A. Granting the Motion in full;

B. Granting Movant relief from the automatic stay pursuant to 11 U.S.C. § 362(d), to the fullest extent necessary to permit Movant to exercise its rights and remedies in and to the Vehicle and all accessions, additions, replacements, and proceeds thereof;

      C.      Providing that the fourteen (14) day stay of effectiveness under Federal Rule of Bankruptcy Procedure 4001(a)(4) shall not apply to the relief granted herein; and

      D.      Granting such other and further relief as the Court deems just and appropriate under the circumstances.

      Respectfully submitted,

*/s/ Trisha R. Hudkins*
Trisha R. Hudkins (WVSB #12667)
Obermayer Rebmann Maxwell & Hippel LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA  15219-2502
Phone: 412.209.1352
Fax: 412.281.1530
Email: trisha.hudkins@obermayer.com

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JAM TRUCKING, INC., ) | Case No. 25-50061 |
| ) | |
| Debtor, ) | Chapter 11 |
| ) | |
| ) | |
| MIDCOUNTRY EQUIPMENT FINANCE, ) | |
| a division of MIDCOUNTRY BANK, ) | |
| ) | |
| Movant. ) | |

**CERTIFICATE OF SERVICE**

I, Trisha R. Hudkins, Esquire, hereby certify that on the 6th day of October, 2025, I caused a true and correct copy of the "**Consent Motion for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and Request for Waiver of the 14-Day Stay Under Bankruptcy Rule 4001(a)(4)**," the proposed "**Consent Order Granting Relief from Automatic Stay**," and this **Certificate of Service** to be served upon the parties listed below by depositing same in the United States Mail, postage prepaid, in properly addressed envelopes, or by electronic filing via the CM/ECF system, as indicated.

| | | |
|---|---|---|
| **JAM Trucking, INC.**<br>PO Box 454<br>Bolt, WV 25817-0454 | **Brian Richard Blickenstaff**<br>Johns & Associates, PLLC<br>101 Brook Hill Drive<br>Charleston, WV 25311 | **Shari Collias**<br>United States Trustees Office<br>300 Virginia Street East<br>Charleston, WV 25301 |
| **Gary O. Kinder, Esq.**<br>Assistant U.S. Trustee<br>300 Virginia Street, East<br>Room 2025<br>Charleston, West Virginia 25301<br>*(Via Electronic Filing)* | **Allegiant Partners, Inc.**<br>123 SW Columbia Street<br>Bend, OR 97702-3609 | **Auxilior Capital Partners**<br>PO Box 7410520<br>Chicago, IL 60674-0520 |
| **Bank of America**<br>Lease Administration Center<br>PO Box 405874<br>Atlanta, GA 30384-5874 | **Blue Bridge Financial**<br>11921 Freedom Drive<br>Suite 1130<br>Reston, VA 20190-6225 | **Civista**<br>PO Box 1000<br>Memphis, TN 38148-0065 |

6

| **Commercial Credit Group, Inc.**<br>525 N Tryon Street<br>Suite 1000<br>Charlotte, NC 28202-0210 | **Financial Pacific Leasing Company**<br>3455 S. 344th Way<br>Suite 300<br>Auburn, WA 98001-9546 | **Glockner Finance**<br>4746 Scioto Trail<br>Portsmouth, OH 45662 |
|---|---|---|
| **Internal Revenue Service**<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | **M2 Equipment Finance**<br>20800 Swenson Drive<br>Suite 475<br>Waukesha, WI 53186-2075 | |
| **Midland States Bank**<br>PO Box 24245<br>Seattle, WA 98124-0245 | **Mitsubishi HC Capital**<br>800 Connecticut Avenue<br>Norwalk, CT 06854-1738 | **PNC Equipment Finance**<br>655 Business Center Drive<br>Suite 250<br>Horsham, PA 19044-3448 |
| **Pawnee Leasing Corporation**<br>ATTN: Sandi Car<br>3801 Automation Way<br>Suite 207<br>Fort Collins, CO 80525-5735 | **H & S Trucking, LLC**<br>Attn: Charles Hill<br>131 Oak Grove Road Oceana, WV 24870 | **WV Offices of Insurance Commissioner**<br>PO BOX 50540<br>Charleston, WV 25305-0540 |

*/s/ Trisha R. Hudkins*
Trisha R. Hudkins, Esq.